BRADLEY, Judge.
This is a paternity action.
James Vernon Higgins, Jr. was deemed to be the father of the illegitimate child of Iris Lesley by the District Court of Elmore County on November 6, 1980. On November 18,1980 Higgins appealed to the Circuit Court of Elmore County and asked for a jury trial. On December 12, 1980 the State of Alabama filed a written motion to dismiss the appeal. On that same day the circuit court overruled the motion.
The case was tried before the court and a jury and the jury returned a verdict finding Higgins not guilty. The State appeals.
The sole issue for review by this court is whether the circuit court erred by overruling the State’s motion to dismiss the appeal in that court.
The State’s motion to dismiss was based on several grounds, among which was the ground that the notice of appeal to the circuit court was not properly made, i.e. the notice of appeal was not filed with the clerk of the circuit court nor was it filed with the clerk of the court rendering the judgment.
Section 26-12-8, Code 1975, provides, in pertinent part, as follows:
The state of Alabama or the reputed father may appeal from any final judg *226 ment rendered under section 26-12-4 by the court in which the proceeding originated ... by filing written notice of such appeal ... with the clerk of the circuit court to which said appeal is taken and in the court rendering the judgment.
In Battles v. State, 386 So.2d 466 (Ala.Civ.App.1980), this court said:
Under the essentials of § 26-12-8 two notices of appeal must be filed within ten days of the rendition of the paternity adjudication. One notice must be filed with the clerk of the juvenile court and one notice of appeal must additionally be filed with the clerk of the circuit court. The defendant did not file a notice of appeal with the clerk of either court. Noncompliance with such provisions necessitates the dismissal of a paternity appeal from the juvenile court to the circuit court on account of a lack of jurisdiction. LeFlore v. State, 288 Ala. 310, 260 So.2d 581, cert. denied, 409 U.S. 1007, 93 S.Ct. 436, 34 L.Ed.2d 299 (1972); Scribner v. State, Ala.Civ.App., 372 So.2d 1311, cert. denied, 372 So.2d 1312 (1979); Moutry v. State, Ala.Civ.App., 359 So.2d 388 (1978).
The record on appeal shows that one notice of appeal was filed with “B.J. Moody, Clerk.” This appeal notice is styled “Notice of Appeal From District Court to Circuit Court.” In the body of the appeal notice, the following is found: “In the Juvenile Court of Elmore County .... Notice is hereby given that James Vernon Higgins, Jr. appeals to Circuit [Court] from the judgment order of the Juvenile Court of Elmore County dated November 6, 1980 entered in this case ...” There is no stamp on the record showing whether B.J. Moody is the clerk of the district court or the circuit court.
Appellee says in brief that B.J. Moody is clerk of the Elmore County District Court and that he is also the clerk of the Elmore County Circuit Court and that the circuit court took judicial notice of this fact when it overruled the State’s motion to dismiss the appeal.
Although there is no stamp on the notice of appeal contained in the record showing that B.J. Moody acknowledged receipt of notice of appeal in his capacity as clerk of the district court or circuit court, the notice of appeal set out in the record would suggest that he was accepting the notice of appeal in his capacity as clerk of the district court. Even assuming arguendo that the notice of appeal was filed with the clerk of the district court, § 26-12-8 still has not been complied with because notice of the appeal was not filed with the clerk of the circuit court.
Appellee says, however, that inasmuch as the clerk of the district court is also the clerk of the circuit court, filing the notice of appeal with the clerk of the district court is thereby the same as filing the notice with the clerk of the circuit court. We disagree.
Section 26-12-8 requires, as we said in Battles v. State, supra, that two written notices of appeal be filed in paternity cases and this means, as we said in Moutry v. State, supra, that the written notices of appeal be filed with both the juvenile court, i.e. the court rendering the judgment, and the circuit court. The purpose of § 26-12-8 is to assure that notices of appeal of a paternity judgment in the juvenile court be filed in each court, i.e. that a notice of appeal will be filed in and becomes a part of the records of the juvenile court and the circuit court. Hence notice of the filing of the appeal to the clerk of the juvenile court, who also is the clerk of the circuit court, does not satisfy the requirements of the statute, i.e. § 26-12-8.
The record in the case at bar reflects that only one written notice of appeal was filed and this notice was probably filed with the district court. In the absence of record evidence showing that a written notice of appeal was also filed in the circuit court, the requirements of § 26-12-8 have not been met. If § 26-12-8 has not been complied with, the circuit court is without jurisdiction to hear the appeal. Moutry v. State, supra. In the case at bar § 26-12-8 was not satisfied; consequently, the circuit court was without jurisdiction to hear and determine the appeal filed by Higgins. Battles v. State, supra.
*227 The trial court’s judgment finding Higgins not guilty of the charge filed against him is reversed and the cause is remanded for the entry of a judgment dismissing Higgins’s appeal to the circuit court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.